IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| CORNELIUS C. MARTIN, JR., | :: | CIVIL ACTION NO. |
| Inmate # 196692, | :: | 2:08-CV-0032-RWS |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| STEVE CRONIC, | :: | PRISONER CIVIL RIGHTS |
| Sheriff, Hall County, | :: | 42 U.S.C. § 1983 |
| JOHN DOE, | :: | |
| Director, Ga. Dep't of Corrections, | :: | |
| Defendants. | :: | |

**ORDER AND OPINION**

Plaintiff, a federal prisoner currently housed at the Hall County Detention Center in Gainesville, Georgia, submitted the instant *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, on February 11, 2008. (Compl. [1].) The matter is now before the Court for an initial screening. Plaintiff also has submitted a request to proceed *in forma pauperis* that does not comply with the requirements of the Prisoner Litigation Reform Act of 1995. Nevertheless, for the purpose of dismissal only, leave to proceed *in forma pauperis* is hereby **GRANTED**.

## I. Legal Framework

### A. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that

2

AO 72A
(Rev.8/82)

"conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

### B.  42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

### II.  Plaintiff's Allegations

Plaintiff sets forth the following allegations against the Sheriff of Hall County and the Director of the Georgia Department of Corrections. (Compl. at 1.)  Plaintiff states that he was "taken into custody" by the Sheriff on January 17, 2008, so that he might attend the evidentiary hearing scheduled for his state habeas corpus petition on February 27, 2008.  Plaintiff complains that the Hall County Detention Center does not

3

have a law library. (Id. at 2.) He seeks an immediate ruling and a temporary restraining order (Mot. [3]), as well as a hearing to determine whether a permanent injunction should issue ensuring himself and "all inmates access to the courts" (Compl. at 3).[1]

### III. Discussion

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). However, access to a law library "is not required of prisons, but rather is one way of assuring the constitutional right of access to the courts. The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (citation omitted). An access-to-the-courts claim may not proceed without an allegation of "actual injury regarding

---

[1] To the extent that Plaintiff is attempting to represent his fellow inmates in this action, he may not do so; nor may he rely upon any injury allegedly suffered by a fellow inmate to support his own claims. A plaintiff generally, and an uncounseled prisoner in particular, does not have standing to assert the rights of others. See, e.g., Church v. City of Huntsville, 30 F.3d 1332, 1340 (11th Cir. 1994); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (noting that "it is plain error to permit . . . imprisoned litigant who is unassisted by counsel to represent his fellow inmates").

prospective or existing litigation" – such as "missing filing deadlines or being prevented from presenting claims" – while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." Wilson v. Blankenship, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998); see also Lewis v. Casey, 518 U.S. 343, 369 (1996) (stating that the Supreme Court's own precedents, including Bounds, do "*not* establish a freestanding right of access to the courts, meaningful or otherwise") (emphasis in original).

Here, Plaintiff alleges harm from (1) the January 26, 2007 denial, on procedural grounds, of his motion for appointment of habeas counsel, and (2) the August 24, 2007 denial, for improper venue, of his state habeas petition.[2] (Compl. at 5-6 & Exhs. 3-4.) However, both of these denials occurred before Plaintiff was transferred to the Hall County Detention Center. Therefore, neither of these denials supports Plaintiff's claims herein.

Plaintiff also asserts that the lack of access to a law library currently is causing him "irreparable" harm that "is so extraordinary, it cannot be accurately estimated." (Compl. at 6.) Apparently, Plaintiff contends that this deficiency has denied him the

---

[2] Plaintiff's habeas petition was later reinstated, giving rise to the evidentiary hearing scheduled for February 27, 2008. See Martin v. Grayer, 1:07-CV-2574 (N.D. Ga. Jan. 4, 2008).

5

ability to present his claims properly to the state habeas court. While it is true that Plaintiff cannot present claims if he is unaware of their existence, the purpose of his evidentiary hearing ostensibly is to present *evidence* of constitutional violations, i.e., to explain what happened during the course of his trial that rendered it allegedly unfair. Plaintiff's assertion that he has been harmed by the lack of access to a law library between January 17 and February 27, 2008, while awaiting his evidentiary hearing, is too speculative to proceed.[3]  See  Twombly, 127 S. Ct. at 1964-65.

---

[3] Plaintiff relies in part on Datz v. Hutson, 806 F. Supp. 982, 986-87 (N.D. Ga. 1992) (Carnes, J.), but, to the extent that the ruling therein and its reliance on Straub v. Monge, 815 F.2d 1467 (11th Cir. 1987), provides any support for Plaintiff's claims, that support is vitiated by the Eleventh Circuit's subsequent ruling in Wilson that a viable access-to-the-courts claim requires a definitive showing of actual injury. (See Compl. at 4-5.)

6

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's motion for an immediate ruling and temporary restraining order [3] is **DENIED**.

**IT IS SO ORDERED** this  27th  day of February, 2008.

*[signature]*

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE